Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner Jr. and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Upon reconsideration of the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff and defendant-employer.
3. ITT Hartford was the workers' compensation carrier on the risk.
4. Plaintiff's average weekly wage is sufficient to yield the maximum compensation rate for 1993.
5. Plaintiff received $9,880.00 from a non-contributory disability plan at Philip Morris USA and defendants are seeking a credit if this case is found to be compensable.
6. The parties stipulated to plaintiff's recorded statement, as stipulated Exhibit Number (1).
7. The parties stipulated to a group of medical records, identified as stipulated Exhibit Number (3).
* * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was initially employed by defendant-employer in September of 1984. On the date of the alleged injury, plaintiff's position was as a Production Technician II-Relief Operator at the Philip Morris USA plant in Concord, North Carolina.
2. Plaintiff's job duties included operating and monitoring five cigarette rolling machines in the plant when other workers went to lunch or took breaks. Further, plaintiff was required replace the cigarette and tipping paper if these materials ran out during her operating period. Due to the height of the machines, replacing the paper forced plaintiff to stand on her tiptoes or use a chair or step stool to perform the task.
3. Plaintiff was working third shift, from 11:00 p.m. to 7:00 a.m. in her position as a Relief Operator on or about 22 February 1993. During her shift, plaintiff discovered that the paper of one machine was jammed causing the machine to run wildly. In an attempt to correct the problem and keep the machine in operation, plaintiff used a step-stool in order to reach the area where the machine was jammed. As she was dismounting the stool to get replacement paper, plaintiff's foot missed a step, causing her fall on a metal desk located approximately three feet from the stool. Plaintiff struck the desk with the force of her full body weight at a location of a few inches below her left shoulder.
4. On the day following this incident at work, plaintiff's left arm was painful and red, this redness later developing into an one inch long and one half inch wide bruise. Plaintiff initially was of the opinion that her injury was not serious, and therefore did not immediately inform officials at the plant about the accident.
5. Over the days following her injury plaintiff's pain, which she described as burning and stinging, grew worse. Even so, when plaintiff went to her family physician, Dr. Wanda Baker, on 18 March 1993 she went because of severe sinus problems, so severe in fact that x-rays were taken. On 24 March 1993, plaintiff was informed by a nurse of Dr. William J. Long that the x-rays revealed a fractured humerus in plaintiff's upper left arm. Dr. Long also works in the Nalle Clinic.
6. The next day, on 25 March 1993, plaintiff advised her supervisor, Mr. Lewis Hargrave, that she had fractured her left arm at work when she fell from a step stool onto a metal desk. Mr. Hargrave sent plaintiff to the plant's medical department. Although at that time plaintiff could not pinpoint the exact date of injury, she did inform the plant nurse that the accident occurred after Valentine's Day.
7. On 29 March 1993 Dr. Long examined plaintiff. During this examination, plaintiff told Dr. Long of the incident at work when she had fallen off the stool onto the metal desk. With this information, Dr. Long rendered an opinion that, based on the location and type of fracture sustained, plaintiff's injury could have been caused by the fall at work plaintiff had earlier described.
8. Dr. Long indicated in his deposition of 2 May 1993 that the type of fracture plaintiff sustained could heal in four to six weeks. From x-rays taken during the 29 March 1993 examination, Dr. Long determined that plaintiff's fractured humerus had in fact healed. From this evidence and plaintiff's testimony, the Full Commission find plaintiff's account of the incident occurring on or about 22 February 1993 to be credible.
9. Dr. Long further rendered an opinion that, based on plaintiff's continued problems with pain and lack of mobility in her left arm and shoulder, plaintiff suffers from fibromyalgia.
10. The evidence of record establishes a cognizable time frame within which plaintiff's injury was likely have occurred.
11. On or about 22 February 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
12. As the result of the injury by accident occurring on or about 22 February 1993 and plaintiff's fybromyalgia condition, plaintiff has been incapable of earning wages with defendant-employer or in any other employment from 24 March 1993 to 28 March 1994, the date of the hearing before the Deputy Commissioner.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As the result of the injury by accident arising out of and in the course of her employment with defendant-employer which occurred on or about 22 February 1993, plaintiff sustained a fractured left humerus. N.C.G.S. § 97-2 (6).
2. As the result of the injury by accident which occurred on or about 22 February 1993, plaintiff suffers from fibromyalgia. Id.
3. As the result of her injury by accident and fibromyalgia, plaintiff is entitled to be paid temporary total disability compensation by defendant's at the maximum compensation rate for 1993 for the period of 24 March 1993 through 28 March 1994. N.C.G.S. § 97-29.
* * * * * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to temporary total disability compensation at the maximum compensation rate for 1993 for the period of 24 March 1993 through 28 March 1994.
2. Further, IT IS ORDERED that this matter be remanded to the Mecklenburg County hearing docket and placed on the next available calendar, for determination of any additional or permanent disability plaintiff may have sustained as the result of the compensable injury by accident. Also to be determined is whether defendants are entitled to a credit for the disability plan payments made to plaintiff by defendants as referenced in Stipulation Number Five above.
3. Defendants shall pay the costs due the Commission.
 S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________________ DIANNE C. SELLERS COMMISSIONER
S/ ____________________________ COY M. VANCE COMMISSIONER